UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EILEEN FRANCES LIVING TRUST; EILEEN FRANCES, Trustee, Grantor, and Principle of the Eileen Frances Revocable Living Trust; DOUG LaPLANTE, trustee and Principle of the Eileen Frances Revocable Living Trust,<br><br>Plaintiffs,<br>v.<br><br>BANK OF AMERICA, and SPECIALIZED LOAN SERVICING,<br><br>Defendants. | NO: 2:15-CV-227-RMP<br><br>ORDER GRANTING DEFENDANT, SPECIALIZED LOAN SERVICING, LLC'S MOTION TO DISMISS |

BEFORE THE COURT is Defendant Specialized Loan Servicing, LLC (SLS)'s Motion to Dismiss, ECF No. 5. The Court has reviewed the record and is fully informed.

BACKGROUND

Plaintiffs filed their Complaint in state court on August 17, 2015, and the matter was removed to federal court on September 2, 2015. *See* ECF No. 1.

ORDER GRANTING DEFENDANT, SPECIALIZED LOAN SERVICING, LLC'S MOTION TO DISMISS ~ 1

Plaintiffs sought relief for five different claims, which included allegations of: (1) Predatory Mortgage Lending, (2) Deceptive Practice, (3) Unjust Enrichment/Unconscionability, (4) Bad Faith, and (5) Mortgage Services Fraud. *See* ECF No. 1-2. After purchasing a home in 1989, Plaintiffs entered into a series of mortgage refinance contracts; the sixth and final one was signed on May 24, 2006. *Id*. at 3. Plaintiffs' claims allege that Defendants engaged in impermissible practices when they negotiated and sought enforcement of the modification contracts. *See generally id.*

## ANALYSIS

The Federal Rules of Civil Procedure allow for the dismissal of a complaint where the plaintiff fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). A motion to dismiss brought pursuant to this rule "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In reviewing the sufficiency of a complaint, a court accepts all well-pleaded allegations as true and construes those allegations in the light most favorable to the non-moving party. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (citing *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031-32 (9th Cir. 2008)).

To withstand dismissal, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While specific legal theories need not be pleaded, the pleadings must put the opposing party on notice of the claim. *Fontana v. Haskin*, 262 F.3d 871, 877 (9th Cir. 2001) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A plaintiff is not required to establish a probability of success on the merits; however, he or she must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

Plaintiffs' Complaint details the financial hardships they have endured as a result of their economic circumstances and their inability to understand the terms of their loan modification agreements at the time they were agreed upon. *See generally* ECF No. 1-2. Despite broad allegations of unfairness and of Defendants' apparent unwillingness to explain Plaintiffs' contractual obligations, Plaintiffs have not even recited the elements of the claims they assert, nor have they provided any legal basis that would support their claims as they relate to SLS.

Additionally, SLS is only mentioned in Plaintiffs' fifth claim, which alleges "Mortgage Services Fraud." ECF No. 1-2 at 7-11. Plaintiffs' fifth claim asserts fraud as a result of the terms of a modification contract and of Defendants' alleged

ORDER GRANTING DEFENDANT, SPECIALIZED LOAN SERVICING, LLC'S MOTION TO DISMISS ~ 3

failure to explain resulting fees. *See id*. Plaintiffs clarify that "Defendant Specialized Loan Servicing is joined as a Co-Defendant because they are the current loan servicer for the loan on the property in dispute and continue to unjustly collect fees and charges from Plaintiffs." ECF No. 1-2 at 11. The only other reference to SLS in Plaintiffs' Complaint explains that Defendants did not respond to Plaintiffs' letters seeking clarification of loan fees. *Id*. at 8. In response to the present Motion, Plaintiffs argue that SLS should be held responsible for the alleged actions of Co-Defendant Bank of America because SLS knew or should have known of the "practice of deception and misrepresentation," and that SLS was responsible for reviewing and approving of Plaintiffs' loan. *See* ECF No. 7 at 3. The Court finds that Plaintiffs' vague allegations of SLS's wrongdoing do not suffice to properly allege any viable civil claim.[1]

Alternatively, SLS raised the issue of Plaintiffs' claims being time-barred. *See* ECF No. 5. SLS cites to WASH. REV. CODE. § 4.16.080, which provides, in relevant part, that actions for fraud, damage to personal property, or personal injury damages must be commenced within three years of their accrual. *See* ECF No. 5 at

---

[1] Defendant also argues that Plaintiffs fail to meet the heightened pleading standard for fraud pursuant to FED. R. CIV. P. 9(b). *See* ECF No. 5 at 6-7. In light of this Court's finding that Plaintiffs have failed to state a viable claim, this Court need not address this argument.

ORDER GRANTING DEFENDANT, SPECIALIZED LOAN SERVICING, LLC'S MOTION TO DISMISS ~ 4

5.  Although Plaintiffs do not state which statutes their claims rely upon, if this Court construes Plaintiffs' claims as being based on either fraud, damage to personal property, or personal injury damages, Plaintiffs' claims must have been filed within three years of their accrual.  *See* WASH. REV. CODE § 4.16.080.

Plaintiffs do not challenge the general applicability of WASH. REV. CODE § 4.16.080, but instead argue that they signed the most recent loan modification document in July of 2012.  *See* ECF No. 7 at 3.  That assertion is in direct contradiction to page three of Plaintiffs' Complaint which lists the most recent refinance contract as being signed in 2006.  *See* ECF No. 1-2 at 3.

Plaintiffs also argue that Defendants have continued to add fraudulent charges subsequent to their signing the contract in July 2012 and that Defendants have concealed the charges from Plaintiffs.  *See* ECF No. 7 at 3.  Plaintiffs fail to allege how these charges are fraudulent or how they are being concealed, and, therefore, fail to provide any basis for finding that these claims accrued any later than May 24, 2006.  Even if this Court were to accept Plaintiffs' allegation that the relevant loan modification document was signed in July of 2012, this action was filed in August of 2015, more than three years later.  Therefore, Plaintiffs' claims, as pleaded, are time-barred.

For the foregoing reasons, the Court finds that Plaintiffs have failed to state a claim against SLS upon which relief may be granted.  Pursuant to FED. R. CIV. P. 12(b)(6), their claims against Specialized Loan Servicing, LLC must be **dismissed**

ORDER GRANTING DEFENDANT, SPECIALIZED LOAN SERVICING, LLC'S MOTION TO DISMISS ~ 5

1  **with prejudice**.  Accordingly, **IT IS HEREBY ORDERED** that Defendant's

2  Motion to Dismiss with Prejudice, **ECF No. 5**, is **GRANTED**.

3      The District Court Clerk is directed to enter this Order, provide copies to

4  counsel and pro se Plaintiffs, and **terminate Specialized Loan Servicing LLC as**

5  **a defendant in this matter**.

6      **DATED** this 17th day of February 2016.

7

8                        *s/ Rosanna Malouf Peterson*
                         ROSANNA MALOUF PETERSON

9                             United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

ORDER GRANTING DEFENDANT, SPECIALIZED LOAN SERVICING, LLC'S MOTION TO DISMISS ~ 6