UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EILEEN FRANCES LIVING TRUST; EILEEN FRANCES, Trustee, Grantor, and Principle of the Eileen Frances Revocable Living Trust; DOUG LaPLANTE, trustee and Principle of the Eileen Frances Revocable Living Trust,<br><br>Plaintiffs,<br>v.<br><br>BANK OF AMERICA, and SPECIALIZED LOAN SERVICING,<br><br>Defendants. | NO: 2:15-CV-227-RMP<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO ALTER OR AMEND |

BEFORE THE COURT is Plaintiffs' Motion to Alter or Amend Judgment[1] Pursuant to Rule 59(e), ECF No. 31. The Court has considered the motion, the record, and is fully informed.

---

[1] Although this case was closed, Judgment has not yet been entered. However, the Court considers Plaintiffs' motions brought pursuant to FED. R. CIV. P. 59(e) in

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO ALTER OR AMEND ~ 1

The Court previously dismissed this case with prejudice due to Plaintiffs' failure to state a claim upon which relief could be granted. *See* ECF No. 30. The Court found that Plaintiffs' allegations were not correlated to any viable legal claims, but were instead vague, overlapping, and confusing assertions "that essentially detail their displeasure with having to adhere to contracts they entered into after struggling to make payments." *Id*. at 4. Rather than summarily dismissing Plaintiffs' deficient Complaint, the Court reviewed all of Plaintiffs' briefing and analyzed each claim in turn before explaining in detail why each failed to state a claim. *See generally id.*

Plaintiffs now move to alter or amend this Court's Order pursuant to FED. R. CIV. P. 59(e), arguing that the Court did not understand their claims and erred on issues of law. *See* ECF No. 31.

### ANALYSIS

"While Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (quoting 12 James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed. 2000)). "Indeed, 'a motion for reconsideration

---

conjunction with its authority to reconsider its prior orders pursuant to FED. R. CIV. P. 60(b).

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO ALTER OR AMEND ~ 2

should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Id.* (quoting *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).

Similarly, Rule 60(b) permits "reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991) (citing FED. R. CIV. P. 60(b) and *Backlund v. Barnhart,* 778 F.2d 1386, 1388 (9th Cir.1985)).

Plaintiffs argue that the Court should reconsider its prior Order dismissing their Complaint with prejudice and without leave to amend, ECF No. 30, by asserting that this Court "misapprehended Plaintiffs [sic] position regarding their claims," that "the Court erred on issues of law regarding Mortgage Servicing," and that amending the Order is necessary in order to "prevent manifest injustice." ECF No. 31 at 1.

Having reviewed the motion, the Court finds that Plaintiffs do not provide an intervening change in controlling law, new evidence, or arguments that would support a finding of clear error as to the Court's determination regarding the substance of Plaintiffs' claims. The Court properly dismissed Plaintiffs' Complaint due to the deficiencies detailed in the prior Order, ECF No. 30.

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO ALTER OR AMEND ~ 3

However, after conducting a further review of the pleadings and the docket in this case, the Court has reconsidered its earlier dismissal of this case with prejudice and without leave to amend.

The Court's reconsideration is informed by FED. R. CIV. P. 15, the Ninth Circuit Court of Appeals' interpretations of that rule, and the fact that Plaintiffs are pro se.

In relevant part, FED. R. CIV. P. 15 provides that:

> A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

FED. R. CIV. P. 15(a)(1). The Ninth Circuit Court of Appeals has held that "[a] motion to dismiss is not a 'responsive pleading' within the meaning of the Rule. Neither the filing nor granting of such a motion before answer terminates the right to amend; an order of dismissal denying leave to amend at that stage is improper . . . ." *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984) (quoting *Breier v. Northern California Bowling Proprietors' Ass'n*, 316 F.2d 787, 789 (9th Cir. 1963)).[2]

Potential amendments that are not made "as a matter of course" may only be made "with the opposing party's written consent or the court's leave." FED. R.

---

[2] The court in *Mayes*, 729 F.2d 605, construed a prior version of the Rule.

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO ALTER OR AMEND ~ 4

CIV. P. 15(a)(2). Rule 15 directs courts that leave shall be freely given "when justice so requires." *Id*. The Ninth Circuit has held that this provision should "be applied with extreme liberality" (internal quotations omitted). *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)); *see also Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear on de novo review that the complaint could not be saved by amendment." *Eminence Capital, LLC*, 316 F.3d at 1052.

In this case, Defendants filed motions to dismiss pursuant to FED. R. CIV. P. 12(b)(6) and Defendant Bank of America ("BOA") also included an alternative motion for a more definite statement pursuant to FED. R. CIV. P. 12(e). Plaintiffs had a right to amend their Complaint "as a matter of course" within 21 days of their having been served with a motion covered by FED. R. CIV. P. 15(a)(1)(B). Instead of taking advantage of their right to file an Amended Complaint, Plaintiffs sought leave to do so in their responses to Defendants' motions. Plaintiffs' time to amend their Complaint "as a matter of course" expired after they responded. However, prior to the expiration of the 21-day period, they asked for leave to amend their Complaint.

The Court recognizes the unique nature of the filings in this case that likely resulted from Plaintiffs' pro se status. BOA was one of two Defendants and did

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO ALTER OR AMEND ~ 5

not just move for a dismissal, but alternatively moved for a more definite statement. *See* ECF No. 22. Rather than filing an Amended Complaint to fix the deficiencies alleged by Defendants, Plaintiffs responded by arguing that the Court should not dismiss their claims, but should grant leave to amend if the Court found the Complaint to be insufficient. Due to the Court's finding that Plaintiffs' claims were insufficient to survive motions to dismiss pursuant to FED. R. CIV. P. 12(b)(6), the Court denied as moot BOA's motion for a more definite statement pursuant to FED. R. CIV. P. 12(e). ECF No. 30.

When Plaintiffs requested leave to file an Amended Complaint, the Court considered Plaintiffs' requests pursuant to FED. R. CIV. P. 15(a)(2), not as an amendment as a matter of course pursuant to subsection (a)(1). Considering the liberality with which the Ninth Circuit allows amended pleadings, the Court now reconsiders that ruling.

In light of Plaintiffs' pro se status, the fact that they requested leave to amend when they could have done so as a matter of right, and the fact that they had not yet filed a First Amended Complaint, the Court will allow Plaintiffs to file a First Amended Complaint. The additional burden imposed on Defendants by potentially forcing them to respond to a First Amended Complaint is not sufficient prejudice to deny Plaintiffs, appearing pro se, with an opportunity to better articulate their claims. Accordingly, Plaintiffs will have 21 days from the entry of this Order to file a First Amended Complaint.

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO ALTER OR AMEND ~ 6

If Plaintiffs choose to file an Amended Complaint, they are advised that the prior Court's determinations regarding the deficiencies of their claims as initially pleaded remain unchanged. Plaintiffs must follow the relevant rules of civil procedure including FED. R. CIV. P. 8(a)(2) and provide "a short and plain statement of the claim showing that the pleader is entitled to relief; . . ." Assertions of unfairness, or solely adding specifics regarding dates or amounts of fees, unconnected to a legal basis for such arguments will be insufficient.

The Court directs Plaintiffs to clearly separate each of their claims, provide the legal basis for each individual claim, and allege sufficient facts directly supporting each individual claim. The Court's prior Orders and Defendants' motions to dismiss should provide guidance as to what the Plaintiffs must plead.

Accordingly, in light of the foregoing, and in accordance with the Ninth Circuit's application of FED. R. CIV. P. 15,[3] the Court finds good cause to allow

---

[3] Plaintiffs should take note that this Court is bound by the law of the United States Supreme Court and of the Ninth Circuit Court of Appeals. The Court is not bound by state court decisions out of West Virginia, determinations of bankruptcy courts in Pennsylvania, law review articles, or other irrelevant citations noted in this Court's prior Order. *See* ECF No. 30 at 4 (referencing Plaintiffs' reliance on a bill that did not pass, a statement from the Arizona Attorney General, and a state statute from Kentucky).

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO ALTER OR AMEND ~ 7

Plaintiffs to amend their deficient Complaint.  The First Amended Complaint will serve as a complete substitution for Plaintiffs' original Complaint, not a supplement.  Therefore, the First Amended Complaint must be complete with all alleged facts and law and with no references to the original Complaint.  Plaintiffs' claims are still dismissed, but are dismissed without prejudice and with an opportunity to amend consistent with the terms of this Order.

Accordingly, **IT IS HEREBY ORDERED THAT**:

1. Plaintiffs' Motion to Alter or Amend Judgment Pursuant to Rule 59(e), **ECF No. 31**, is **GRANTED IN PART and DENIED IN PART** consistent with the foregoing discussion.

2. The Court's Orders, ECF Nos. 29 and 30, are hereby AMENDED as dismissals **without prejudice and with leave to amend**.

3. If Plaintiffs choose to file a First Amended Complaint, they are directed to do so within 21 days of entry of this Order.

The District Court Clerk is directed to enter this Order and to provide copies to counsel and pro se Plaintiffs.

**DATED** this 3rd day of June 2016.

>            *s/ Rosanna Malouf Peterson*
>          ROSANNA MALOUF PETERSON
>             United States District Judge

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO ALTER OR AMEND ~ 8