UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EILEEN FRANCES LIVING TRUST; EILEEN FRANCES, Trustee, Grantor, and Principle of the Eileen Frances Revocable Living Trust; DOUG LaPLANTE, trustee and Principle of the Eileen Frances Revocable Living Trust,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, and SPECIALIZED LOAN SERVICING,<br><br>Defendants. | NO: 2:15-CV-227-RMP<br><br>ORDER GRANTING DEFENDANT BANK OF AMERICA'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT AND DENYING DEFENDANT'S MOTION TO STRIKE |

BEFORE THE COURT are Defendant Bank of America ("BOA")'s Motion to Dismiss Plaintiffs' Amended Complaint ("Motion"), ECF No. 36, and BOA's Motion to Strike Plaintiffs' Opposition to Motion to Dismiss ("Motion to Strike"), ECF No. 40. The Court has reviewed the motions, the record, and is fully informed.

## BACKGROUND

Plaintiffs filed their Complaint in state court on August 17, 2015, and the matter was removed to federal court on September 2, 2015. *See* ECF No. 1. Plaintiffs sought relief for five different claims, which included allegations of: (1) Predatory Mortgage Lending, (2) Deceptive Practice, (3) Unjust Enrichment/Unconscionability, (4) Bad Faith, and (5) Mortgage Services Fraud. *See* Complaint, ECF No. 1-2.

The Court previously dismissed Plaintiffs' initial Complaint for failure to state a claim. *See* Order Granting Bank of America's Motion to Dismiss, ECF No. 30. Although Plaintiffs failed to allege facts that would support any viable legal claim, the Court granted them leave to amend their Complaint. *See* Order Granting In Part and Denying In Part Motion to Alter or Amend, ECF No. 34. Plaintiffs filed a First Amended Complaint that alleges three claims. *See* First Amended Complaint ("FAC"), ECF No. 35. Following the filing of the First Amended Complaint, Defendants filed another Motion to Dismiss arguing that Plaintiffs still have failed to state a claim. *See* Motion, ECF No. 36.

## ANALYSIS

The Federal Rules of Civil Procedure allow for the dismissal of a complaint where the plaintiff fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). A motion to dismiss brought pursuant to this rule "tests the legal

sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In reviewing the sufficiency of a complaint, a court accepts all well-pleaded allegations as true and construes those allegations in the light most favorable to the non-moving party. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (citing *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031-32 (9th Cir. 2008)).

To withstand dismissal, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While specific legal theories need not be pleaded, the pleadings must put the opposing party on notice of the claim. *Fontana v. Haskin*, 262 F.3d 871, 877 (9th Cir. 2001) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

A plaintiff is not required to establish a probability of success on the merits; however, he or she must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

**Claim 1: "Violation of Section 6 RESPA § 1024.36"**

Plaintiffs cite to 12 U.S.C. § 2605, WAC 208-620-900, and RESPA § 1024.36 to support their first claim which asserts that BOA violated these laws by not adequately responding to their inquiries regarding their Loan Modification Document. FAC at 3-6, ECF No. 35. It is unclear what section of these statutes and regulations are intended to serve as the basis for Plaintiffs' first claim, but Plaintiffs quote a few relevant sections. *See id*. Among other portions of the statute, Plaintiffs quote the following subsection of 12 U.S.C. § 2605:

> If any servicer of a federally related mortgage loan receives a qualified written request from the borrower (or an agent of the borrower) for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 5 days (excluding legal public holidays, Saturdays, and Sundays) unless the action requested is taken within such period.

FAC at 4, ECF No. 35 (quoting 12 U.S.C. § 2605(e)(1)(A)). Plaintiffs allege that they sent BOA a Qualified Written Request ("QWR") in March of 2015 seeking a Loan History Statement, and that BOA "responded with an extensive list of fees and charges." FAC at 4, ECF No. 35. Plaintiffs conclusively state that that its request was a QWR, and adds no details as to how BOA's response was inadequate. *See id*.

Nonetheless, it seems Plaintiffs' first claim relies primarily on BOA's response, or lack thereof, to Plaintiffs' alleged second and third QWRs. Plaintiffs

allege that they sent second and third QWRs to BOA, without specifying when those were sent,[1] and that "[s]ome time later, Plaintiffs received a letter from BOA claiming it was no longer the servicer of their loan and all inquiries regarding their mortgage loan should be directed to Specialized Loan Servicing." FAC at 4, ECF No. 34. Although Specialized Loan Servicing ("SPS") is no longer a defendant in this action, Plaintiffs allege that when SPS responded, "[t]he response did not address the specific issues that Plaintiffs had clearly set forth in their letter, nor did it contain explanations or clarifications as per Plaintiffs' request." *Id*.

Plaintiffs broadly reference the content of their QWRs but only do so in vague terms as they state that

> [c]harges, fees and adjustments, etc., had caused them great concern about the status of their mortgage loan. The addition of property inspection fees to their mortgage loan, applied 32 times on 08/03/2012, a period of time after Plaintiffs signed the Loan Modification with BOA, was alarming to Plaintiffs. Plaintiffs were sincerely seeking answers and turned to Defendant BOA to provide those answers. Plaintiffs contend that they had a legal right to request information regarding their mortgage loan. Defendant BOA had a legal obligation to respond according to the requirements of **12 U.S. Code § 2605, WAC 208-620-900 and RESPA** § 1024.36. (emphasis in original).

[1] Plaintiffs later imply that they sent these subsequent requests in March of 2015, but that is unclear and certainly not found in the FAC.

*Id*. at 5. Without facts pertaining to the dates when Plaintiffs allegedly sent the requests, when BOA responded, what "specific issues" were referenced in each of Plaintiffs' requests, or what was in BOA's responses, Plaintiffs fall short of stating a "claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570. The Court has reviewed the statutes and regulation that Plaintiffs cited and finds that Plaintiffs fail to allege an adequate factual basis to find a violation of any law or regulation cited by them.

Furthermore, although the Court does not consider disputes over facts at the motion to dismiss stage, it bears noting that BOA repeatedly has explained that the "inspection fee" that Plaintiffs continue to reference was not a fee, but was instead a credit to their account that was applied 32 times on one day.[2] Plaintiffs don't dispute that, but argue that "the eventual resolution of the matter has no bearing on the RESPA violation." Response to Motion at 5, ECF No. 38. Although the law requires a servicer to respond to a QWR,[3] the law does not require that all responses and explanations be provided in a way that Plaintiffs could understand.

---

[2] Plaintiffs also allege this fee was applied 37, instead of 32 times. FAC at 6, ECF No. 35.

[3] For example, 12 U.S.C. 2605(e)(2) provides:

> Not later than 30 days (excluding legal public holidays, Saturdays, and Sundays) after the receipt from any borrower of any qualified written request under paragraph (1) and, if applicable, before taking any action with respect to the inquiry of the borrower, the servicer shall— (A) make appropriate corrections in the account of the borrower, including

Due to Plaintiffs' failure to plead adequate facts to support a violation of the laws they cite, the Court dismisses Count 1 for failure to state a claim.

**Claim 2: Common Law Fraud**

Pursuant to FED. R. CIV. P. 9(b) "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Plaintiffs argue that

> Defendant BOA perpetrated fraud on Plaintiffs when they attempted to induce payment with false statements contained in the Loan History Statement. BOA specifically stated that Property Inspection Fees were applied 37 times on August 3rd, 2012. Defendants willfully and knowingly did this with full knowledge that Plaintiffs were not in default at the time said fees were applied.

FAC at 6, ECF No. 35. Ignoring the fact that BOA has clarified that those were credits, not charges, Plaintiffs fail to state how BOA's billing them for payments on Plaintiffs' loan constitutes fraud. Simply because these supposed 'fees" were applied 37 times on the same day, Plaintiffs argue that that does not comport with "sound reasoning" and shows that BOA was acting "under false pretense." *Id*.

Plaintiffs' inability to understand the terms of their loan does not demonstrate that BOA acted "under false pretense," and a claim must be based in law, not on "sound reasoning." Plaintiffs fail to articulate a plausible claim and

---

> the crediting of any late charges or penalties, and transmit to the borrower a written notification of such correction (which shall include the name and telephone number of a representative of the servicer who can provide assistance to the borrower)

fail to meet the heightened pleading standards for fraud pursuant to FED. R. CIV. P. 9(b). Accordingly, this claim is dismissed.

**Claim 3: Breach of Contract**

Plaintiffs' third claim is based on two separate allegations regarding breaches of the Plaintiffs' Loan Modification Agreement signed in August of 2012. FAC at 7, ECF No. 35. Plaintiffs seem to argue that the summary sheet provided by BOA, which allegedly represented that Plaintiffs would receive $28,609.07 in Principal Forgiveness, contradicted the true terms of the Loan Modification Agreement. *See id*. Plaintiffs state that "Plaintiffs['] actual Loan Modification did not include a Principal Forgiveness amount of $28,609.07. The Loan Modification Agreement contradicts the Loan Modification Summary, on which Plaintiff Frances relied. It lists the $28,609.07 amount as 'interest in the amount of' that will be 'forgiven.'" *Id*.

It is unclear how the two documents contradict each other seeing that Plaintiffs state that both the summary and the contract list $28,609.07 as the amount that would be forgiven, and only differ in characterizing an amount as "principal" instead of "interest." Plaintiffs fail to state how a contract is breached simply by it having an accompanying summary sheet that states the terms in a different way. For there to be a breach of contract, BOA had to breach the terms of an actual contract, which here is the Loan Modification Agreement. As Plaintiffs

fail to allege any facts to demonstrate a breach of contract, Plaintiffs' first allegation of a breach claim is dismissed.

Plaintiffs also attempt to state a claim for breach of contract by alleging that "Defendant BOA added excessive and unfair Property Inspection Fees to Plaintiffs['] mortgage loan in violation of Plaintiffs' Mortgage Agreement with BOA." FAC at 8, ECF No. 35. Plaintiffs allege that "elements" of their loan "increased substantially without prior notification to or approval from, Plaintiffs," and that "contradictions and misrepresentations" caused them to question the "integrity of their Modification Agreement." *Id*. Plaintiffs fail to state what was misrepresented, what was contradictory, and how any relevant portion of a contract was breached by the addition of fees. Plaintiffs allege wrongdoing, but do not state how it relates to any portion of the Loan Modification Agreement. There must be a relevant portion of a contract being breached for there to be a breach of contract. As Plaintiffs fail to provide such information, Plaintiffs' claim for breach of contract is dismissed in its entirety.

As the Court previously has stated, "leave to amend need not be granted if amendment would be futile." *Westcott v. Wells Fargo Bank, N.A*, 862 F. Supp. 2d 1111, 1115 (W.D. Wash. 2012) (citing *Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002)). However, "[d]ismissal with prejudice and without leave to amend is not appropriate unless it is clear on de novo review that the complaint could not

be saved by amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citing *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir.1996)). Plaintiffs have only been allowed one Amended Complaint, so despite their failure to state a plausible claim for relief, the Court will allow an opportunity to amend their First Amended Complaint. Plaintiffs are directed to first consider whether facts exist that would meet the elements of the claims they wish to bring and only file a Second Amended Complaint if the facts support a legal claim based on law.

Although Defendant has not raised the issue of jurisdiction at this stage of litigation, the Court notes that this case was removed on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). *See* Notice of Removal at 2, ECF No. 1. However, 28 U.S.C. § 1332 invokes this Court's jurisdiction only "where the matter in controversy exceeds the sum or value of $75,000 . . . ." Plaintiffs now seek a sum of $60,000, which is below the jurisdictional threshold. FAC at 9, ECF No. 35. However, Plaintiffs' FAC now attempts to allege a federal cause of action pursuant to 12 U.S.C. § 2605. *See* FAC, ECF No. 35. Therefore, although jurisdiction can no longer be based on 28 U.S.C. § 1332(a), this Court would have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

/ / /

/ / /

**Motion to Strike**

Defendant filed a Motion to Strike Plaintiffs' Responsive Brief as untimely. Motion to Strike, ECF No. 40. After BOA filed the present Motion to Dismiss, ECF No. 36, Plaintiffs did not file any response until August 22, 2016. Affidavit in Response to Motion, ECF No. 38. Plaintiffs did not give any reason why they did not comply with Local Rules, but considering their pro se status, the Court has reviewed and considered their response. Although BOA requested an opportunity to respond should the Court decide not to strike the response, Motion to Strike at 3, ECF No. 40, there is no basis to provide an additional response due to the Court's disposition of BOA's Motion to Dismiss.

In accordance with the foregoing discussion, the Court finds that Plaintiffs have failed to state a claim upon which relief may be granted. Pursuant to FED. R. CIV. P. 12(b)(6), their claims are **DISMISSED WITHOUT PREJUDICE**.

Plaintiffs have leave to amend the complaint for a second time. This Second Amended Complaint will operate as a complete substitute for, rather than a mere supplement to, the First Amended Complaint. The Second Amended Complaint should be an original and not a copy, and it may not incorporate any part of the original complaint by reference. It also much be clearly labeled as the Second Amended Complaint.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Dismiss Plaintiffs' Amended Complaint, **ECF No. 36**, is **GRANTED**.

2. Defendant's Motion to Strike Plaintiffs' Opposition to Motion to Dismiss, **ECF No. 40**, is **DENIED**.

3. If Plaintiffs choose to file a Second Amended Complaint, they are directed to so within 21 days of entry of this Order.

The District Court Clerk is directed to enter this Order, provide copies to counsel and pro se Plaintiffs**.**

**DATED** this 14th day of November 2016.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge