1
2
3
4
5                    UNITED STATES DISTRICT COURT
6                    EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EILEEN FRANCES LIVING TRUST; EILEEN FRANCES, Trustee, Grantor, and Principle of the Eileen Frances Revocable Living Trust; DOUG LaPLANTE, trustee and Principle of the Eileen Frances Revocable Living Trust,<br><br>　　　　　　　　Plaintiffs,<br>　　v.<br><br>BANK OF AMERICA, and SPECIALIZED LOAN SERVICING,<br><br>　　　　　　　　Defendants. | NO: 2:15-CV-227-RMP<br><br>ORDER GRANTING DEFENDANT BANK OF AMERICA'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT |

BEFORE THE COURT is a motion by Defendant Bank of America ("BOA") to Dismiss Plaintiffs' Second Amended Complaint, ECF No. 44. The Court has reviewed the motion, the record, and is fully informed.

**BACKGROUND**

Plaintiffs filed their Complaint in state court on August 17, 2015, and the matter was removed to federal court on September 2, 2015. *See* ECF No. 1.

ORDER GRANTING DEFENDANT BANK OF AMERICA'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT ~ 1

1  Plaintiffs sought relief for five different claims, which included allegations of: (1)
2  Predatory Mortgage Lending, (2) Deceptive Practice, (3) Unjust
3  Enrichment/Unconscionability, (4) Bad Faith, and (5) Mortgage Services Fraud. *See*
4  ECF No. 1-2.
5      The Court previously dismissed Plaintiffs' initial Complaint for failure to state
6  a claim. *See* ECF No. 30. The Court granted Plaintiffs leave to amend their
7  Complaint, *see* ECF No. 34, and Plaintiffs filed a First Amended Complaint that
8  alleged three claims. *See* ECF No. 35. By granting another Motion to Dismiss, ECF
9  No. 36, the Court dismissed the First Amended Complaint for failing to state a
10 claim, but granted pro se Plaintiffs another opportunity to amend their Complaint.
11 *See* ECF No. 42. Plaintiffs filed a Second Amended Complaint, ECF No. 43, which
12 now only raises two claims, as Plaintiffs have dropped their allegations of fraud.

### ANALYSIS

14     Local Rule 7.1(b) requires that a pro se litigant respond to a dispositive
15 motion within thirty days after the motion is filed. "The failure to comply with the
16 requirements of LR 7.1(a) or (b) may be deemed consent to the entry of an Order
17 adverse to the party who violates these rules." LR 7.1(d). BOA filed their third
18 Motion to Dismiss, a dispositive motion, on December 19, 2016. ECF No. 44.
19 Defendants did not file any response until February 1, 2017, after the thirty-day
20 deadline. ECF No. 46.
21

The Court previously denied BOA's Motion to Strike Plaintiffs' Response to a prior Motion to Dismiss after Plaintiffs filed a late Response. *See* ECF No. 42. BOA referenced LR 7.1(d) in their Reply regarding a prior Motion to Dismiss in August of 2016, *see* ECF No. 37; therefore, Plaintiffs had notice that LR 7.1 dictates the motion practice deadlines in this district. Plaintiffs allege that they were misinformed about the deadline to respond, but this is the third Motion to Dismiss and there is no good cause for Plaintiffs' present failure to adhere to the same deadlines that have been applicable throughout this case.

Furthermore, even if the Court considers Plaintiffs' untimely filing, Plaintiffs' Response is simply a broad reference back to their Second Amended Complaint, with a copy of the Second Amended Complaint attached to their Response, and does not address the substance of Defendant's arguments. ECF No. 46. Pursuant to Local Rule 7.1(d), the Court finds that Plaintiffs' Second Amended Complaint shall be dismissed with prejudice. As an alternative analysis, the Court has reviewed the Second Amended Complaint again in light of Defendant's third Motion to Dismiss.

The two remaining claims alleged in Plaintiffs' Second Amended Complaint suffer from deficiencies that are nearly identical to those addressed in the Court's prior dismissal Order. Therefore, the following discussion of these two claims largely mirrors the Court's last Order, ECF No. 42. For the sake of clarity, the Court repeats this analysis.

The Federal Rules of Civil Procedure allow for the dismissal of a complaint where the plaintiff fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). A motion to dismiss brought pursuant to this rule "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In reviewing the sufficiency of a complaint, a court accepts all well-pleaded allegations as true and construes those allegations in the light most favorable to the non-moving party. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (citing *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031-32 (9th Cir. 2008)).

To withstand dismissal, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While specific legal theories need not be pleaded, the pleadings must put the opposing party on notice of the claim. *Fontana v. Haskin*, 262 F.3d 871, 877 (9th Cir. 2001) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

A plaintiff is not required to establish a probability of success on the merits; however, he or she must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief"

requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

**Claim 1: "Violation of Section 6 RESPA § 1024.36"**

Plaintiffs cite to 12 U.S.C. § 2605, WAC 208-620-900, and RESPA § 1024.36 to support their first claim, which asserts that BOA violated these laws by not adequately responding to their inquiries regarding their Loan Modification Document. ECF No. 43. Among other portions of the statute, Plaintiffs quote the following subsection of 12 U.S.C. § 2605:

> If any servicer of a federally related mortgage loan receives a qualified written request from the borrower (or an agent of the borrower) for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 5 days (excluding legal public holidays, Saturdays, and Sundays) unless the action requested is taken within such period.

ECF No. 43 at 7 (quoting 12 U.S.C. § 2605(e)(1)(A)).

Plaintiffs recognize that BOA provided them with a Loan History Statement in March of 2015, but complain that the terms "caused Plaintiffs to question the status of their mortgage loan." *Id.* at 8. Plaintiffs state that

> The addition of property inspection fees to their mortgage loan, applied 32 times on 08/03/2012 (Exhibit J), a period of time after Plaintiffs signed the Loan Modification with BOA and were current on their mortgage payments appeared to Plaintiffs to be a serious accounting error that required explanation. Plaintiffs accordingly turned to the servicer of their loan, Defendant BOA, to provide clarification and explanation. The servicing errors of which Plaintiffs requested information and clarification did not represent the total sum of their concerns regarding the Loan History Statement, rather it identified

some key discrepancies that needed explanation. Plaintiffs contend that they had a legal right to request information regarding their mortgage loan. Defendant BOA had a legal obligation to respond according to the requirements of **12 U.S. Code § 2605, WAC 208-620-900 and RESPA** § 1024.36. (emphasis in original).

*Id*.

Plaintiffs allege that they sent BOA a Qualified Written Request ("QWR") in April of 2015, and Plaintiffs argue that although BOA explained (during this litigation) that the "fees" were actually credits, BOA's "inadequate response, again, without explanation as specifically requested in Plaintiffs' QWR's [sic] (Exhibit B), is too little, too late, flies in the face of the intended purpose of RESPA and falls far short of fulfilling their requirements under State and Federal law." ECF No. 43 at 9.

Plaintiffs fall short of stating a "claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. at 570. The Court has reviewed the statutes and regulation that Plaintiffs cited and finds that Plaintiffs fail to allege an adequate factual basis to support a viable cause of action.

Furthermore, although the Court does not consider disputes over facts at the motion to dismiss stage, the Court notes that BOA sent Plaintiffs a Loan History Statement and later explained that the "inspection fee" that Plaintiffs continue to reference was not a fee, but was instead a credit to their account that was applied thirty-two times on one day. Plaintiffs don't dispute that, but appear to argue that since that explanation came late, Defendants have violated the law. ECF No. 43 at 9. As stated in this Court's prior Order, although the law requires a servicer to

ORDER GRANTING DEFENDANT BANK OF AMERICA'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT ~ 6

respond to a QWR,[1] the law does not require that all responses and explanations include the level of detail that would satisfy every possible plaintiff. Additionally, Plaintiffs fail to adequately allege a factual basis for damages under this claim.

**Claim 2: Breach of Contract**

Plaintiffs' second claim is based on two separate allegations regarding breaches of the Plaintiffs' Loan Modification Agreement signed in August of 2012. ECF No. 43 at 10. Plaintiffs continue to argue that the summary sheet provided by BOA, which allegedly represented that Plaintiffs would receive $28,609.07 in Principal Forgiveness, contradicted the true terms of the Loan Modification Agreement. *See id*. Plaintiffs' Second Amended Complaint includes the same problematic language that was quoted by this Court in its second dismissal Order as Plaintiffs continue to argue that, "Plaintiffs['] actual Loan Modification did not include a Principal Forgiveness amount of $28,609.07. The Loan Modification Agreement contradicts the Loan Modification Summary, on which Plaintiff Frances

---

[1] For example, 12 U.S.C. § 2605(e)(2) provides:

> Not later than 30 days (excluding legal public holidays, Saturdays, and Sundays) after the receipt from any borrower of any qualified written request under paragraph (1) and, if applicable, before taking any action with respect to the inquiry of the borrower, the servicer shall— (A) make appropriate corrections in the account of the borrower, including the crediting of any late charges or penalties, and transmit to the borrower a written notification of such correction (which shall include the name and telephone number of a representative of the servicer who can provide assistance to the borrower) . . . .

relied. The actual Loan Modification Agreement lists the $28,609.07 amount as 'interest in the amount of' that will be 'forgiven.'" *Id*. at 10.

The Court's previous analysis of this claim remains valid: Plaintiffs fail to state how a contract is breached simply by there being an accompanying summary sheet that states the terms in a different way. For there to be a breach of contract, BOA had to breach the terms of an actual contract; the Loan Modification Agreement is the relevant contract in this case. Plaintiffs fail to allege that requisite element.

Plaintiffs' second allegation of a breach of contract is based on the same allegation that the Court previously dismissed, as Plaintiffs repeat verbatim the same language that the Court quoted as problematic. *See* ECF No. 43 at 11 ("Defendant BOA added excessive and unfair Property Inspection Fees to Plaintiffs['] mortgage loan in violation of Plaintiffs' Mortgage Agreement with BOA."). Plaintiffs repeat their claim that the total cost of their loan "increased substantially without prior notification to or approval from, Plaintiffs," and that "contradictions and misrepresentations" caused them to question the "integrity of their Modification Agreement." *Id*. at 12.

As the Court stated in a prior Order, Plaintiffs still:

> fail to state what was misrepresented, what was contradictory, and how any relevant portion of a contract was breached by the addition of fees. Plaintiffs allege wrongdoing, but do not state how it relates to any portion of the Loan Modification Agreement. There must be a relevant portion of a contract being breached for there to be a breach of contract.

ORDER GRANTING DEFENDANT BANK OF AMERICA'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT ~ 8

As Plaintiffs fail to provide such information, Plaintiffs' claim for breach of contract is dismissed in its entirety.

ECF No. 42 at 9.

As the Court previously stated, "leave to amend need not be granted if amendment would be futile." *Westcott v. Wells Fargo Bank, N.A*, 862 F.Supp.2d 1111, 1115 (W.D. Wash. 2012) (citing *Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002)). However, "[d]ismissal with prejudice and without leave to amend is not appropriate unless it is clear on de novo review that the complaint could not be saved by amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citing *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996)). Plaintiffs' Second Amended Complaint failed to resolve the issues that were explicitly addressed by the Court as Plaintiffs largely relied upon the same insufficient allegations. Accordingly, Plaintiffs have established that permitting further amendment would be futile.

Due to Plaintiffs' failure to comply with LR 7.1, and in accordance with the foregoing arguendo analysis, Plaintiffs' claims are **DISMISSED WITH PREJUDICE**.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Dismiss Plaintiffs' Amended Complaint, **ECF No. 44**, is **GRANTED**.

2. Plaintiffs' Second Amended Complaint is **DISMISSED WITH PREJUDICE**.

The District Court Clerk is directed to enter this Order, provide copies to counsel and pro se Plaintiffs and **close this case**.

**DATED** May 2, 2017.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge