UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EILEEN FRANCES LIVING TRUST; EILEEN FRANCES, Trustee, Grantor, and Principle of the Eileen Frances Revocable Living Trust; DOUG LaPLANTE, trustee and Principle of the Eileen Frances Revocable Living Trust,<br><br>Plaintiffs,<br>v.<br><br>BANK OF AMERICA, and SPECIALIZED LOAN SERVICING,<br><br>Defendants. | NO: 2:15-CV-227-RMP<br><br>ORDER DENYING PLAINTIFFS' MOTION TO ALTER OR AMEND JUDGMENT |

BEFORE THE COURT is Plaintiffs' Motion to Alter or Amend Judgment Pursuant to Rule 59(e), ECF No. 48. Plaintiffs filed what appears to be a reply brief regarding ECF No. 48, but noted it as a separate motion, ECF No. 50. The Court construes pro se pleadings liberally and construes ECF No. 50 as a reply brief, and not as a separate motion. Accordingly, both ECF Nos. 48 and 50, which

ORDER DENYING PLAINTIFFS' MOTION TO ALTER OR AMEND JUDGMENT ~ 1

seek identical relief, shall be addressed simultaneously. The Court has considered the motion, the record, and is fully informed.

The Court previously dismissed this case with prejudice due to Plaintiffs' failure to state a claim upon which relief could be granted and due to their failure to adhere to Local Rules by responding in a timely manner to a dispositive motion. *See* ECF No. 47. As detailed in the Court's Dismissal Order, ECF No. 47, Plaintiffs failed to respond to Bank of America's third motion to dismiss until two weeks after their deadline to do so, and their late response did not substantively respond to Defendant's arguments.

Despite Plaintiffs' failure to adhere to Local Rules, the Court reviewed Plaintiffs' Second Amended Complaint and analyzed it as if it had been filed on time. As detailed in the Court's Order, ECF No. 47, Plaintiffs failed to remedy many of the same deficiencies outlined in prior Court Orders as they repeated some of the same language previously identified as problematic. Plaintiffs' attempts to largely cite the same law with insufficient facts demonstrated that permitting further amendment would be futile.

Therefore, pursuant to both Local Rule 7.1 and FED. R. CIV. P. 12(b)(6), Plaintiffs' Second Amended Complaint was dismissed with prejudice. Plaintiffs now move to alter or amend this Court's Order pursuant to FED. R. CIV. P. 59(e), arguing that the Court did not understand their claims and erred on issues of law. *See* ECF No. 48.

ORDER DENYING PLAINTIFFS' MOTION TO ALTER OR AMEND JUDGMENT ~ 2

## ANALYSIS

"While Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (quoting 12 James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed. 2000)). "Indeed, 'a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Id.* (quoting *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).

Plaintiffs argue that the Court should reconsider its prior Order dismissing their Second Amended Complaint with prejudice, ECF No. 47, by asserting that this Court

> has misapprehended Plaintiffs [sic] position, in its entirety, regarding reasons for filing their claims against Defendant BOA, and, additionally, has not properly assessed Plaintiffs [sic] allegations. Plaintiffs also contend that the Court has erred on issues of controlling law regarding Local Rule 7.1 (b), Mortgage Servicing, in general, and Mortgage Loan Modification and RESPA, in particular. Further, Plaintiffs contend that, in order to prevent manifest injustice, the Courts [sic] decisions, as applies [sic] to Plaintiff's [sic] Second Amended Complaint, must be amended.

ECF No. 48 at 1-2.

Plaintiffs argue that the Court should have permitted another late filing rather than deeming their failure to respond in a timely manner as consent to the

ORDER DENYING PLAINTIFFS' MOTION TO ALTER OR AMEND JUDGMENT ~ 3

dismissal. *See* ECF No. 48. Their only reason for not adhering to Court deadlines is that they were "tending to the responsibilities of their daily lives." *Id*. at 5. Despite Plaintiffs' failure to provide any just cause for their violations of Local Rules, the Court conducted an alternative analysis, and considered all of their arguments as if their response had been filed on time.

Regarding the Court's alternative analysis, Plaintiffs' attempts to dispute the substance of the Court's findings are misplaced in a motion filed pursuant to FED. R. CIV. P. 59(e). Plaintiffs repeatedly quote the Court's Order, then provide various responses that take issue with the Court's rulings, calling the Court's statements "troubling," and "confusing," among other things. *See* ECF No. 48. Plaintiffs' inability to understand how their claims are legally insufficient, despite the Court's detailed orders, is not a proper basis for a motion to alter or amend a prior order. Plaintiffs' arguments regarding the propriety of the Court's rulings are better suited for an appellate court.

Having reviewed Plaintiffs' motion, ECF No. 48, and their reply brief that was filed as a separate motion, ECF No. 50, the Court finds that Plaintiffs do not provide an intervening change in controlling law, new evidence, or arguments that would support a finding of clear error in the Court's determination regarding the substance of Plaintiffs' claims. The Court finds that it properly dismissed Plaintiffs' Second Amended Complaint due to the deficiencies detailed in the prior Order, ECF No. 47.

ORDER DENYING PLAINTIFFS' MOTION TO ALTER OR AMEND JUDGMENT ~ 4

Accordingly, **IT IS HEREBY ORDERED THAT**:

1. Plaintiffs' Motion to Alter or Amend Judgment Pursuant to Rule 59(e), **ECF No. 48**, is **DENIED**.

2. As **ECF No. 50** was filed as a motion seeking the same relief as that sought in ECF No. 48, **ECF No. 50** is also **DENIED**.

3. The hearing set on July 17, 2017 is **STRICKEN**.

The District Court Clerk is directed to enter this Order, provide copies of this Order to counsel and pro se Plaintiffs, and **close this case**.

**DATED** this 10th day of July 2017.

                                      *s/Rosanna Malouf Peterson*
                                ROSANNA MALOUF PETERSON
                                   United States District Judge